FULMER, Acting Chief Judge.
Harold Strickland entered pleas of no contest in numerous cases primarily involving worthless check charges. He now appeals the sentences imposed. Strickland asserts, and the State concedes, that in some of the cases the written sentences do not comport with the oral pronouncement. We affirm the convictions, but reverse the sentences and the order of probation containing restitution amounts.
The record reflects discrepancies between the trial court’s oral pronouncement, the written sentences, and the written order of probation. For example, written sentences were entered for misdemeanor cases that had previously been consolidated with the felony cases but for which the trial court did not orally impose sentence because the cases were being returned to the county court. A single order of probation was entered listing thirty-seven separate amounts of restitution with reference to victims but no case numbers. In his brief, Strickland charted discrepancies between the amount of restitution orally pronounced and the amount set forth in the order of probation. Strickland also contends that restitution was ordered for vie- *1257 tims not reflected in any information filed against him. Without identifying specific errors, the State concedes discrepancies between the oral pronouncements of the trial court and the written sentences. Because of the large number of cases involved, the lack of clarity in the sentencing hearing and the lack of case numbers in the probation order, we are unable to determine precisely how the discrepancies should be reconciled. We, therefore, reverse the sentences and the order of probation and remand for resentencing and correction, where necessary, of the restitution amounts ordered.
Convictions affirmed; sentences reversed and remanded with directions.
WHATLEY and SALCINES, JJ., Concur.